(No. 80-CC-1366)

JOSEPH B. KELLEY and PREFERRED RISK INSURANCE COMPANY, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed February 15, 1985.*

HEYL, ROYSTER, VOELKER & ALLEN, for Claimants.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

Claimant in this case filed a claim in tort for personal injury and property damage due to an accident which occurred on March 1, 1978, between Claimant and Dean Floore, an employee of the State of Illinois.

Claimant Joseph B. Kelley was operating his vehicle in a northerly direction on Illinois State Route 54, at or near its intersection with County Road 7.25E, in or near Barclay, Sangamon County, Illinois. Claimant's wife and grandson were passengers in his car.

Respondent's employee, Dean Floore, was the operator of a 1972 International Loadstar 1700 truck and was operating the vehicle in a northerly direction ahead of Claimant at the location above set forth.

From the testimony of the witnesses, Respondent pulled his truck off the right side of the road to make a left hand turn at the intersection. Claimant testified he thought Respondent was going to stop while off the right side of the road and when Respondent swerved back onto the road, Claimant pulled his vehicle to the left hand side of the road trying to avoid an accident. A collision followed, causing personal injuries and collision damage to Claimant's automobile.

It appears from the record that Claimant did everything possible to avoid an accident and was responsible for there being a limited amount of damage rather than an extremely bad accident.

The following expenses were incurred: medical expenses for Joseph B. Kelley in the amount of $516.00; $1,136.08 for automobile repair; $39.15 for an appraisal fee; $25.00 for towing charges; $32.10 for medical expenses of Howard J. Watkins (one of the passengers) and $400.00 for additional transportation.

This Court has previously held that while the State is not an insurer against all accidents occurring on its highways, it is responsible when the State is negligent and that negligence is the proximate cause of Claimant's injury and Claimant was free from contributory negligence. 30 Ill. Ct. Cl. 410.

In the present case, there is not any indication of contributory negligence on the part of Claimant. This Court finds that negligence of Respondent was the proximate cause of the injuries complained of.

Award is hereby entered in favor of Claimants in the amount of $2,148.33.